THE MONTPELIER LIGHT AND WATER COMPANY ET AL.
v. STEPHENSON ET AL.

[No. 2,764.    Filed April 5, 1899.]

COMPLAINT.—*Bill of Particulars.*—*Foreclosure of Mechanic's Lien.*—
The office of a bill of particulars is to specify more minutely the
claim or defense set up, and where a complaint in an action to fore-
close a mechanic's lien avers a contract to do certain things, and
that the contract had been performed, a bill of particulars is not
necessary. *pp. 177, 178.* .

SAME.—*Mechanic's Lien.*—*Gas and Oil Well.*—*Forfeiture of Lease.*—
A complaint against a lessee to foreclose a mechanic's lien for work
done and material furnished in the construction of a derrick to be
used in the drilling and operating of a natural gas and oil well is
not bad for failing to allege that the well was drilled within the
time provided in the lease, which contained a clause giving lessor the
right to forfeit the lease if a well was not completed in sixty days,
unless lessee should pay $2 per day for each day the completion was
delayed, where the complaint alleged no forfeiture had been de-
clared at the time of the completion of the derrick. *pp. 178, 179.*

MECHANIC'S LIEN.— *Gas and Oil Well.*— *Forfeiture of Lease.*—A
lien for work and labor in the construction of a derrick for lessee
to be used in the operation of an oil and gas well on the leased prem-
ises is not impaired by the forfeiture of the lease, where the lien at-
tached prior to the forfeiture. *pp. 179-181.*

SAME.—*Gas and Oil Well.*—*Forfeiture of Lease.*—Where plaintiffs
furnished material and performed labor in the construction of a der-
rick to be used in the operation of an oil and gas well by lessee, their
rights to a lien would not be defeated by the failure of lessee to
drill a well in accordance with the terms of the lease. *p. 181.*

SAME.—*Gas and Oil Well.*—Where a lease for oil and gas is forfeited
for failure to drill wells according to terms of lease, the lien for
the construction of a derrick for the lessee, to be used in the con-
struction and operation of a gas and oil well on the leased premises,
attaches to the well. *p. 182.*

From the Wells Circuit Court. *Affirmed.*

*J. S. Dailey, A. Simmons* and *F. C. Dailey,* for appel-
lants.

*G. A. Mason, Dan C. R. Kocher, A. L. Sharpe* and *C. E.
Sturgis,* for appellees.

COMSTOCK, J.—This action was commenced by appellee, Thomas C. Stephenson, against the Golden Rule Oil Company, James D. Goodin, the Montpelier Light & Water Company, Homer C. McMahon, and Elijah H. Montgomery, to foreclose a mechanic's lien for work done and materials furnished in the erection of a derrick to be used in the drilling and operating of an oil and gas well, and to be a part of said well. The holders of a gas lease contracted with appellee Stephenson to labor upon, and furnish material for a derrick, to be erected upon the premises covered by the lease, and with appellee Montgomery to furnish materials for the same. Both filed liens for the amount of their claims. Montgomery was made a defendant, and by his cross-complaint asked to foreclose his lien. The lease contained a forfeiture clause providing that it should become void in the event that no well was completed within sixty days from the date of its execution. The cause was put at issue as to the complaint and cross-complaint, a trial had by the court, and, upon proper request, a special finding of facts made and conclusions of law stated thereon. McMahon and the Montpelier Light & Water Company each excepted to each conclusion of law, and filed their separate motions for a new trial. These motions were overruled and judgment rendered against appellee, Golden Rule Oil Company, in favor of Stephenson and Montgomery on their respective claims, and ordering the sale of any interest the Golden Rule Oil Company had in the oil and gas leasehold as described in the complaint and the cross-complaint, and that the proceeds should be applied, after the payment of costs, to the payment of the claims of said Stephenson and Montgomery. Appellants each filed a motion to modify the judgment. Both motions were overruled and exceptions taken.

Appellants have assigned errors jointly and severally. Under the assignment of errors appellants discuss: (1) The sufficiency of the complaint; (2) the sufficiency of the cross-complaint; (3) the action of the court in sustaining demur-

Montpelier Light, etc., Co. *v.* Stephenson.

rers to the second paragraph of answer to the complaint and the second paragraph of answer to the cross-complaint; (4) the sufficiency of the finding of facts to support the conclusions of law. Issues were formed and the cause tried as to the claim of appellant Stephenson upon an amended complaint; that pleading in this opinion is referred to as the complaint.

The first objection urged to the complaint is that it fails to set out the particulars of the contract sued upon, and to set out a bill of particulars. The objection is based upon section 365 Burns 1894, which provides that, where a pleading is founded on a written instrument or an account, the original, or a copy thereof, must be filed with the pleading. The complaint states that a bill of particulars is filed therewith, but it nowhere appears in the record. If the bill is necessary, the statement that it is filed will not supply its place. *Ricketts* v. *Braun,* 42 Ind. 316. The contract was verbal to do certain work for an agreed price. The part of the complaint pertinent to this objection is as follows: "That on the — day of May, 1896, the plaintiff entered into a contract by which plaintiff was to construct on the above described premises a derrick to be used in the construction and operation of an oil and gas well and to be a part of such well. That in pursuance of said agreement the plaintiff constructed said derrick and performed labor and furnished material thereon of the value of $109.81, which sum defendant Golden Rule Oil Company agreed to pay him therefor,—a bill of particulars of which is filed herewith and made a part of this complaint,—which labor was performed and which material was used in the erection of said oil and gas well, the last of which material was furnished and the last of said labor performed on the 20th day of May, 1896. That said oil well was completed before the commencement of this action."

Appellants cited *Stephenson* v. *Ballard,* 50 Ind. 176, which was a suit to foreclose a mechanic's lien, in which the

court held the complaint bad for want of a bill of particulars; and in passing upon the question in that case said that the complaint was not carefully drawn, and that it did not allege a special contract, nor state the terms and price agreed upon for which the materials were to be furnished, and the dwelling house erected; that it did not allege the performance of the contract in full. The court adds: "Had a special contract been properly averred for the furnishing of the materials and erecting the house, and had a full and complete performance of the contract been alleged, no bill of particulars or more particular statement of the claim would have been necessary. But, as it is not claimed that there was a special contract made by the parties, and fully complied with by the plaintiffs, but only that they furnished materials and did work under the contract, we think that the nature of the plaintiff's claim should have been more specifically stated."

The complaint before us alleges that plaintiff contracted to do a particular work for a certain price, and that the work was completed before the commencement of the action. The distinction between the complaint in the case cited and the case before us is obvious. The office of a bill of particulars is to specify more minutely the claim or defense set up. As the complaint avers a contract to do certain things for a particular sum, and that the contract had been performed, a bill of particulars was not necessary.

The second objection made to the complaint is that the Golden Rule Oil Company, at the time of appellee's employment, held a lease upon the real estate of one James B. Godin, a stipulation in which lease is as follows: "In case no well is completed within sixty days from this date then this grant shall be null and void, unless the second party shall thereafter pay at the rate of $2 per day for each day said completion is delayed," and that the complaint does not aver that the well had been completed within sixty days from the execution of the lease, or that $2 per day had been paid from the expiration of said sixty days until a well was completed.

Appellants call attention to the fact that this clause of the lease is one of forfeiture, and gave the lessor the right to forfeit the lease unless the lessee complied with its stipulations; and that had the option of forfeiture been rightfully exercised by the lessor prior to the commencement of this action, complainant would have had no cause of complaint against appellants. Appellants cite authorities to show that the right of appellee Stephenson as against the property in question could be no greater than the right of the lessee, his employer; that appellee Stephenson for labor performed and materials furnished in building a structure could only acquire a lien extending as far as his employer's interest and no further. We do not deem it necessary to refer to these authorities. The objection is not well taken because it does not appear from the record that at the time appellee acquired his lien, the lessor had elected to declare a forfeiture. The complaint avers that at the time of the erection of the derrick no forfeiture had been declared.

The sufficiency of the complaint and the cross-complaint is challenged upon the same grounds. Demurrers to them were properly overruled.

Appellants next discuss the action of the court in sustaining appellee Stephenson's demurrer to the second paragraph of appellants' answer to the complaint. The complaint states that defendant Godin executed a lease to N. A. Walker & Company, which was assigned by the latter to the said Golden Rule Oil Company; that said company employed plaintiff to build a derrick and furnish materials therefor upon said lease; that plaintiff performed such labor and furnished materials, and filed notice of his intention to hold the mechanic's lien sought to be foreclosed. The answer admits the execution of such lease, and avers that it was stipulated therein that in case no well was completed within sixty days from the date of the lease, the same should become null and void unless the lessee should thereafter pay at the rate of $2 per day for each day such completion was

delayed." The answer avers that neither the lessees nor their assigns drilled and completed a well on said premises within sixty days, nor did they or either of them pay the lessor $2 for each day the completion thereof was delayed, but said sum was wholly unpaid. That because of said breach in the covenants of the lease, the lessor Godin prior to the commencement of this suit, to wit, on the 2nd day of July, 1896, forfeited said lease; that the lease had been duly recorded, and the plaintiff was apprised of its terms before he performed the labor and furnished the materials mentioned in the complaint. The answer further avers that after the first lease had been terminated, defendant Godin executed an oil and gas lease upon the same real estate to appellant McMahon, which lease was assigned by McMahon to appellant The Montpelier Light & Water Company, by virtue of which lease said Montpelier Light & Water Company claims its interest in said leasehold property. The second reason assigned against the sufficiency of the complaint is here repeated in support of this paragraph of answer, viz., that prior to the commencement of this action all rights of the employer of appellee Stephenson in the leasehold property had terminated and consequently all rights of appellee had ceased. The same issue of law is presented on the demurrers to the answers to the complaint and cross-complaint, and the demurrers to the complaint and cross-complaint. Section 7256 Burns 1894, section 5294 Horner 1897, contains the following provision: "And where the owner has only a leasehold interest, or the land is encumbered by mortgage, the lien so far as concerns the buildings erected by said lienholder is not impaired by forfeiture of the lease for rent or foreclosure of mortgage; but the same may be sold to satisfy the lien and removed within ninety days after the sale by the purchaser." The answer alleges that the lessee forfeited the lease on the 2nd day of July, 1896. The lien of appellees Stephenson and Montgomery attached prior to June 10, 1896. The statute was designed to protect persons

performing labor and furnishing materials for structures on leased premises. The protection provided for is as necessary in the case before us as if the rental clause was in the usual form. In construing the statute we must bear in mind the purposes for which it was intended, and so construed, appellees are entitled to its protection. The answer was pleaded as an answer to the entire complaint, and as such is not good. The demurrer was properly overruled.

The remaining specification in the assignment of error discussed by appellants is that the court erred in its conclusions of law on the finding of facts. Under this specification counsel insist that there were no special findings of fact which support or tend to support either the second or fourth conclusions of law, which conclusions are respectively that "the plaintiff's (appellee Stephenson) and the defendant Montgomery's (appellant) lien be foreclosed against said well as to all of the defendants and against any interest the defendant Golden Rule Oil Company may have in said leasehold property, well and attachments described in the complaint and cross-complaint respectively." It is insisted that there is no finding of fact that a well had ever been drilled by either the lessees N. A. Walker & Company, or by their assigns, the Golden Rule Oil Company, on the leasehold premises as stipulated by the terms of said lease, so as to keep the lease alive; and that in the absence of such finding the appellees Stephenson and Montgomery can have no enforcement of such lien. The rights of appellees would not be defeated by the failure to drill a well or wells. The findings show that appellees Stephenson and Montgomery performed labor and furnished materials for the purpose and of the value as set out in the complaint and cross-complaint respectively. That McMahon, with full knowledge that the materials had been furnished and labor had been performed, did on the 2nd day of July, 1897, lease said premises from Godin, "and appellant the Montpelier Light and Water Company purchased the same," and "that the title

of each of said defendants, if any they have in said well is subsequent and inferior to plaintiff's lien."

The conclusions of law must therefore be considered without reference to the alleged forfeiture of the lease, there being no finding of forfeiture, or the well, assumed in the conclusions of law, to have been drilled. The indefiniteness of the special findings is of form rather than substance. So far as it and the judgment rendered thereon are defective, it does not affect injuriously the rights of appellants; but appellees are entitled under such findings, to a foreclosure of the interest of appellants in the leasehold premises on which the derrick and its attachments were located. If within the premises described in the complaint, to which the lien for work and labor attached, there is a well, it is necessarily included in this decree, and subject to sale as a part of it, and incident to such leasehold. Judgment affirmed.