## FUELLING ET AL. *v.* FUESSE.

[No. 6,526. Filed March 19, 1909.]

1. BOUNDARIES.—*Real Property.—Survey.—Unofficial.*—A survey of lands in Allen county by the surveyor of Dekalb county is unavailing as an official survey. p. 444.

2. TRIAL.—*Instructions.—Adverse Possession.—Failure of Evidence.*—Where there is no evidence of a prescriptive right, it is improper to instruct on the question of adverse possession. p. 444.

3. TRIAL.— *Instructions.— Deeds.— Construction.—* An instruction that adverse possession may be shown "by the wording of deeds

under which the occupant claims," is erroneous, the construction of deeds being exclusively for the court.  p. 444.

4. BOUNDARIES.—*Public Lands.*—*Surveys.*—*Excesses and Deficiencies.*—*How Distributed.*—Where a fractional section of land contains over 160 acres, and there is an excess, or deficiency, in the southwest quarter thereof, such excess, or deficiency, is thrown to the exterior lots, and therefore the owner of the west half of the southwest quarter containing an excess of three acres, is entitled thereto.  p. 444.

5. TRIAL.— *Instructions.*— *Erroneous.*—*Curing.*—*Withdrawal.*— An erroneous instruction given may be cured by the subsequent withdrawal thereof.  p. 445.

6. BOUNDARIES.— *Parol Agreements.*— *Consideration.*— *Estoppel.*— A parol agreement by adjoining proprietors as to the boundary line, different from the true boundary line, the only consideration being the mutual agreement to treat the agreed line as the true one, cannot be effective, unless one of the parties, relying thereon, has expended money or made improvements on the faith thereof, or other acts have been performed sufficient to create an estoppel.  p. 445.

7. FRAUDS, STATUTE OF.—*Parol Conveyances.*—Parol conveyances of land are within the statute of frauds, and unenforceable.  p. 446.

8. TRIAL.—*Interrogatories.*—*Absence of.*—*Effect.*—*General Verdict.* —Answers to interrogatories to the jury control a general verdict only where they are in irreconcilable conflict therewith, and the absence of an answer is construed as being found in accordance with the general verdict.  p. 446.

9. TRIAL.— *Erroneous Procedure.*— *When Harmless.*— *Interrogatories.*—Where erroneous instructions have been given, the answers to the interrogatories to the jury may show that such errors were harmless, but such harmlessness must be affirmatively shown, nothing being taken by intendment.  p. 446.

10. TRIAL.— *Interrogatories.*— *Boundaries.*— *Survey.*— *Estoppel.*— *Statute of Frauds.*—Answers to interrogatories to the jury showing that adjoining owners agreed upon a boundary line surveyed by the county surveyor of an adjoining county, a record being made of such survey, and one of such proprietors built a fence for a distance of eighty rods along such line, are not sufficient of themselves to establish an estoppel precluding defendant from disputing such boundary line.  p. 446.

11. ESTOPPEL.—*Prevention of Fraud.*—The purpose of the doctrine of estoppel is to prevent a fraud which, if the truth were asserted, would be committed; and unless a party has been misled he will not be defrauded by the truth.  p. 448.

12. TRIAL. — *Erroneous Instructions.* — *Interrogatories.* — *Adverse Possession.*— *Estoppel.*— *Boundaries.*— *Deeds.*— Where the trial

court erroneously submitted the construction of deeds and the question of adverse possession to the jury, such errors are not cured by answers to interrogatories to the jury showing that an unofficial survey had been agreed to and acquiesced in by the parties, thus creating an estoppel. p. 448.

13. ESTOPPEL.—*Elements.*—One element in every estoppel is that the representation or concealment of one party shall have been relied upon by the other party, and his conduct induced thereby. p. 448.

14. TRIAL.— *Instructions.— Boundaries.—Parol Agreements.—Construction of Fences.*—In a suit to quiet title to lands bounded by a line surveyed unofficially, by agreement, an instruction that if one of the adjoining owners made statements to or in the presence of the other, showing a willingness to have a partition fence built on such former person's land, the other cannot gain title by building a fence at such place, if the former party showed an unwillingness to have such fence built, and the other party knew thereof, is proper, since such facts negative an estoppel. p. 449.

15. REAL PROPERTY.—*Boundaries.—Small Amount Involved.—Public Policy.*—Although the amount involved in a suit to quiet title to a disputed tract of land is small, it is against public policy to permit the recovery of lands apparently belonging to another without clear proof of title. p. 449.

From Dekalb Circuit Court; *Emmet A. Brattan,* Judge.

Suit by Henry Fuesse against John F. Fuelling and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*S. R. Alden,* for appellants.
*Ballou & Hoffman,* for appellee.

ROBY, J.—This suit arises out of a controversy as to a boundary line between the parties, who own respectively the east and west halves of a certain quarter section of land in Allen county. The appellee, who was the plaintiff, claims title to a flat-iron strip, containing about three acres, by virtue (1) of adverse possession for twenty years; (2) by an agreement with appellee, acted upon by him in such manner as renders it inequitable for appellants to assert their true title; (3) by an official survey unappealed from.

The survey, which is claimed to have been official, was not made by the surveyor of Allen county or his deputy,

but by the surveyor of Dekalb county, and may be dismissed without considering questions which might arise had it been made by an authorized person.   The court submitted to the jury the issue of adverse, continued possession for twenty years, and among others gave the following instruction: "I instruct you that adverse possession of unproductive land, without proof of actual occupancy, is shown by the wording of deeds under which the occupant claims, payment of taxes, cutting of valuable timber, going upon the land at intervals, claiming absolute ownership, the employment of agents in the vicinity to look after it, the doing of any of the above things without asking permission and in disregard of all other conflicting claims.   Such act will confer possession to the extent of the land called for by the deed."   There was no evidence of adverse possession of the land in controversy for such a time as could raise a prescriptive right.   The appellee requested an instruction withdrawing this question from the jury.   This instruction should have been given.   Instruction thirteen, just set out, was not only erroneous, as applied to the evidence, but it was erroneous so far as it left the construction of the many deeds in evidence to the jury.   Such construction was for the court.   *Reid* v. *Klein* (1894), 138 Ind. 484; *Spence* v. *Board, etc.* (1889), 117 Ind. 573; *Dutch* v. *Anderson* (1881), 75 Ind. 35; *Louthain* v. *Miller* (1882), 85 Ind. 161; *Masons, etc., Ins. Assn.* v. *Brockman* (1898), 20 Ind. App. 206; *Union Life Ins. Co.* v. *Jameson* (1903), 31 Ind. App. 28.

Two propositions must be taken as established in this case: (1) That appellant John F. Fuelling has a clear record title to the land in controversy.   He is the owner of the west half of the southwest quarter.   The section is a fractional one.   If there was a deficiency in acreage it would reduce the amount of his holding.   There is, however, an excess, and he is entitled to this.   *Keesling*

v. *Truitt* (1868), 30 Ind. 306; *Grover* v. *Paddock* (1882), 84 Ind. 244. The court so instructed the jury, but it did not withdraw the thirteenth instruction, by doing which the error in leaving the construction of deeds to the jury could have been cured. *Evansville, etc., R. Co.* v. *Clements* (1904), 32 Ind. App. 659. (2) The court erred in submitting the question of adverse possession.

It is insisted that the answers to interrogatories show the verdict to rest upon the second ground of contention before stated. The substance of the interrogatory relied upon is that said section was surveyed by one Krontz, after giving notice to the owners thereof, and a line "established" between the east and west halves of the southwest quarter, dividing it equally as to the amount of land; that appellants accepted it as the true division line; that they and appellee agreed to accept it as the true line, and that appellee, after said agreement, upon request of appellants, built a partition fence on the south eighty rods of said line. The rule relative to the acquirement of title to real estate in this manner is nowhere more clearly and succinctly stated than by Worden, J., in *Meyers* v. *Johnson* (1860), 15 Ind. 261. It is as follows: "The deduction which we draw from the general course of decisions is, that where adjoining proprietors agree by parol upon a boundary line between them, different from the true boundary, and no consideration moves from one to the other, except the mutual agreement that the line agreed upon shall be considered the true one, in order to make such agreement conclusive (in cases where the statute of limitations has no application), it is necessary that it should have been acted upon, and followed by the expenditure of money, or the making of improvements, on the faith of the agreement; or other circumstances must have transpired which would render it inequitable for either party to set up the true boundary, and which would estop him to do so." A parol contract for the

conveyance of lands is within the statute of frauds,
7.  and unenforceable. §7462 Burns 1908, §4904 R. S.
1881; *Mather* v. *Scoles* (1870), 35 Ind. 1.

It is not, therefore, sufficient for appellee to show a parol
agreement for the transfer of a portion of appellants' land
to himself, but he must in addition show the existence
of such circumstances as would render it inequitable for appellants to set up their true title.

Ordinarily the answers to interrogatories must be in
irreconcilable conflict with the general verdict in order that
they be effective, and the absence of a finding is sup-
8.  plied by the general verdict; but here the verdict
does not sustain itself. It depends upon the support
of the answers, and an exactly opposite rule applies. Harm-
ful error has been shown. The judgment must be
9.  reversed, unless the answers to interrogatories show
a valid and complete right gained by appellee in appellants' land by estoppel. Reference is made to the inter-
rogatory, not to overthrow the general verdict, but to sus-
tain it by a finding of all facts necessary to support ap-
pellee's asserted equity, and nothing is to be taken by intend-
ment. *Cook* v. *McNaughton* (1891), 128 Ind. 410; *Pitts-
burgh, etc., R. Co.* v. *Spencer* (1884), 98 Ind. 186, 192.

It is stated that a survey was made by the surveyor of
Dekalb county, dividing the land "equally," and that plain-
tiff agreed to accept said line as the true division
10. line, and that the plaintiff and defendants "did agree
to accept said line as the true division line." The
only agreement found or claimed had relation to the line
made in this survey. The interrogatories show that the de-
fendants applied to the surveyor of Allen county to have
such survey made, and that written notice was given as for
an official survey. There was evidence that a plat of the
survey was filed in the office of the surveyor of Allen county.
There is no finding but that appellants, when they made the
agreement specified, supposed they were subscribing to a

line officially determined. The evidence justifies a finding that such was the fact, and the necessary inference is that they did so believe. The absence of a contrary finding establishes the fact against the party who has the burden of proof. We have, therefore, an agreement to start with based upon a mistake of fact. A verbal contract by which the statute of frauds is evaded cannot be founded on a mistake of fact, and the appellee asserts in the brief filed herein "that the Krontz survey was legal and regular and that all the landowners interested were present was proved in the trial court beyond the peradventure of a doubt. The only question raised by appellants was as to the sufficiency of notice given interested landowners." There is a finding that after such agreement appellee built a fence on the south eighty rods of the Krontz line. In order to create an equity the improvement made must be a valuable improvement. The finding does not contain any description of the fence. It may have been a brush fence, or otherwise of no value. No intendments are permissible, and to show an estoppel, the facts out of which it arises must be stated. The value, kind and extent of the fence are facts to be set out and when fully stated, and only then, the applicable law will be declared.

There is evidence tending to show that the appellants were not willing that the fence in question should be built. The interrogatories do not show the contrary. It is said that the fence was built at the "request of the defendants." It is not shown when such request was made, nor when the fence was built, nor of what the request consisted, nor that it was relied upon, and none of these things can be taken by intendment or inference. There is evidence tending to show that appellee deliberately induced a controversy and refused to build a partition fence, for the purpose of creating a controversy and getting half the number of acres of the quarter section, although he was the owner of only eighty of them. There is no finding that he acted in good faith, or that he was

misled, or that he did not know where the true line was, and in the absence of any of such facts there can be no estoppel. The object of an estoppel is to prevent a fraud which would be done if the truth were spoken, and unless appellee was in some way misled he will not be defrauded by the truth.

It is contended here, and was no doubt contended at the trial that the Krontz survey was a legal survey, and that, not having been appealed from, the line which it fixed was the ''true line.'' The answers to interrogatories will be sought in vain for anything showing that the validity of this line was not a factor in making up the verdict. The error in submitting the question of adverse possession to the jury, and in leaving to it the construction of the deeds in evidence, as was done in the thirteenth instruction, cannot be regarded as cured, even though it were conceded that the answers to interrogatories sustain the verdict upon the ground of an estoppel. Appellants owned eighty-seven acres and appellee eighty acres in the same quarter-section. Appellee convinced himself that there should be an equal division of the 167 acres. The Krontz survey made an ''equal division.'' That fact is repeatedly stated in the instructions given. When the court submitted the issue of title by prescription, it gave a certain currency to appellee's claim which, in the absence of a long-continued dispute as to possession, it did not have. When it left that matter to be determined from the ''language of deeds,'' the jury was free to decide that eighty acres more or less meant eighty-three and one-half acres. Errors are not cured when they give to the party's claim, in whose favor they are committed, an appearance of probability that it does not otherwise have. If no issue had been made but that of ownership by verbal contract and estoppel growing out of it, the judgment still would have to be reversed. An essential element in every estoppel is that the representation or concealment shall have been relied upon, and the

conduct of the person to whom it is made thereby induced. *McCabe* v. *Ramey* (1869), 32 Ind. 309; *Chaplin* v. *Baker* (1890), 124 Ind. 385; 11 Am. and Eng. Ency. Law (2d ed.), 436.

The twentieth instruction, requested by appellants and refused, was as follows: "Even though one of two adjoining owners of land has made statements to or in the presence of the other showing a willingness to have a partition fence between them built some distance over on his own land, the other cannot gain title or right to the land of the first by the construction of a poor, cheap partition fence half way accordingly, if at the time he does so the first shall be unwilling to have it done, and the other so building knows of, or has reason to know of, such unwillingness." If appellee knew that appellants were unwilling to have the fence built, and insisted on building it notwithstanding such unwillingness, he is in no position to claim an estoppel. There was evidence tending to sustain the hypothesis of fact included in this instruction, and it should have been given. There was no other equivalent instruction given.

The amount involved in this litigation is not large. The policy of the law is to protect each citizen in the enjoyment of his own property. To permit one person to acquire another's real estate without conveyance and without consideration is against that policy, and the equity which makes it possible must be clearly shown, and will not be supplied by the courts upon the pretext of preventing litigation.

Judgment reversed and cause remanded, with instructions to sustain motion for a new trial.