STATE OF INDIANA, EX REL. DAVIDSON, CONSTRUCTION COMMISSIONER, ET AL. *v.* ALLEN ET AL.

[No. 9,994.   Filed October 14, 1919.]

1. DRAINS.—*Assessments.*—*Collection.*—*Action to Enjoin.*—*Parties.* —*Drainage Commissioner.*—*Statute.*—Under §6144 Burns 1914, Acts 1907 p. 508, a commissioner appointed by the court to complete the construction of a drainage ditch after the work had been abandoned by the contractor was neither a necessary nor a proper party to landowner's action to restrain the enforcement of the collection of assessments.   p. 166.

2. INJUNCTION.—*Enjoining Collection of Drainage Assessments.*— *Intervention by Construction Commissioner.*—*Right to Expenses.* —*Statute.*—As a commissioner in charge of construction of drainage ditch is neither a necessary nor a proper party, under §6144 Burns 1914, Acts 1907 p. 508, to owner's action to restrain the enforcement of the collection of assessments, where the com-

missioner intervened to defend such action he was not entitled to recover his expenses of the litigation in an action on the injunction bond. p. 168.

3. APPEAL.—*Review.—Harmless Error.—Failure to Make Unnecessary Findings.*—In an action by a commissioner in charge of the construction of a drainage ditch to recover on an injunction bond his expenses of litigation incurred in defending a suit by landowners to restrain collection of assessments, in which he intervened, the court's failure to find the amounts allowed and paid out by him as such expenses was harmless, since, being an unnecessary and an improper party to the owners' action under §6144 Burns 1914, Acts 1907 p. 508, he was not entitled to recover such expenses. p. 168.

4. INJUNCTION.—*Restraining Collection of Drainage Assessments.—Action on Injunction Bond.—Rights of Contractor.*—As a drainage contractor and subcontractor have an interest in the collection of assessments to pay the cost of a drainage ditch they are constructing, they were proper parties to a suit by landowners to enjoin the collection of assessments, and were entitled to recover, under proper allegation and proof, on the injunction bond executed by such owners for the payment of all damages and costs which might accrue by reason of the restraining order secured by them. p. 168.

5. INJUNCTION.—*Action on Injunction Bond.—Right of Recovery.—Failure to Plead Damages.*—A drainage contractor, who intervened in a suit by landowners to restrain the collection of drainage assessments, could not recover expenses incurred in attending the trial thereof in an action on the bond given by such landowners upon the making of the restraining order, where such expenses were not pleaded. p. 169.

6. APPEAL.—*Harmless Error.—Failure to Make Immaterial Finding.*—The failure of the trial court to make a finding which would not affect the correctness of the conclusion of law stated cannot be made the basis of reversible error. p. 169.

From Fulton Circuit Court; *Smith N. Stevens,* Judge.

Action by the State of Indiana, on the relation of A. Clinton Davidson, construction commissioner, and others, against Charles C. Allen and others. From a judgment for defendants, the relators appeal. *Affirmed.*

*Holman, Bernetha & Bryant* and *James H. Bibler,* for appellants.

*P. M. Buchanan* and *C. C. Campbell,* for appellees.

BATMAN, C. J.—This is an action by appellant against appellees on two bonds, executed by appellees in an action commenced by them in the Fulton Circuit Court, to restrain the treasurer of Fulton county, Indiana, from selling the several tracts of land belonging to appellees at the tax sales in said county in the years 1909 and 1911, upon a second assessment for the construction of what is known as the James A. Gault ditch. So much of the complaint as is necessary for an understanding of the questions presented and determined by this appeal is as follows: That on February 20, 1902, James A. Gault and others filed their petition in the auditor's office of Cass county, Indiana, to establish and construct a public ditch in the counties of Cass, Fulton, Pulaski and White; that such proceedings were had on said petition that said ditch was established, assessments of benefits made, and construction begun under a contract therefor; that thereafter, before the completion of said ditch, the contractor for said work wholly abandoned the same, and his contract therefor was forfeited; that subsequently, on a proper petition, the relator, A. Clinton Davidson, was appointed a commissioner to take charge of and complete the construction of said ditch; that said commissioner, after having duly qualified, was ordered by the Pulaski Circuit Court to collect the unpaid balance of assessed benefits against the land affected by said ditch; that the lands of appellees, other than Hendrickson and DuBois, were severally assessed for benefits on account of said ditch; that said appellees

neglected and refused to pay their said assessments, and the same were duly certified to the auditor of Fulton county, Indiana, and by him placed on the delinquent tax duplicate, and certified to the treasurer of said county for collection, as other delinquent taxes are collected; that said treasurer advertised the several tracts of land of the appellees, so assessed, for sale on February 8, 1909; that prior to said sale appellees, other than Hendrickson and DuBois, brought an action in the Fulton Circuit Court to enjoin said county treasurer from selling their said lands for the collection of said ditch assessments; that to procure a temporary restraining order in said cause appellees executed their written undertaking with the above-named appellees as sureties thereon, which was duly approved, conditioned for the payment of all damages and costs which might accrue by reason of such order; that thereupon the court granted the restraining order prayed, whereby the treasurer of said Fulton county was restrained from selling the said several parcels of land of appellees, and prevented from enforcing the collection of said assessments; that afterwards and before the termination of said action the terms of office of John H. Pyle, who was the treasurer of said county and the defendant in said action, expired, and one Frank R. McCarter succeeded him as such officer; that thereupon appellees, other than Hendrickson and DuBois, filed an amended complaint in said cause making the said McCarter, as such treasurer, defendant in said action; that the relators Myron D. Spencer, David H. Yoeman, and A. Clinton Davidson, were by the court, on their petition, permitted to intervene as defendants in said action; that appellees, other than

Hendrickson and DuBois, applied for a temporary injunction in said action against all the defendants therein and to procure the same executed their written undertaking, with the above-named appellees as sureties thereon, which was duly approved, conditioned for the payment of all damages and costs which might accrue by reason of such order; that the treasurer of said county and the relators herein were thereupon restrained by an order of court from enforcing the collection of said assessments until June 21, 1913, when judgment was rendered in their favor in said cause, and said temporary injunction was dissolved; that the relator A. Clinton Davidson, soon after his appointment as construction commissioner in said ditch proceedings, let the contract for the construction of said ditch to the relator Myron D. Spencer, who sublet the same to the relator David H. Yoeman; that the latter entered upon the construction of said ditch, and fully completed the same to the satisfaction of said commissioner; that by reason of said restraining order and temporary injunction the relators were unable to collect the money due from appellees herein for more than five years, and as a consequence said contractors were put to a large amount of expense and unavoidable trouble in connection with said work, and were compelled to, and did borrow large sums of money, at a high rate of interest, in order to pay the workmen employed in the construction of said ditch, and complete the same as required by their contract; that said relator A. Clinton Davidson, as such construction commissioner, by reason of said restraining order and temporary injunction, was put to large expense in defending said action; that he was compelled to employ attorneys

for such purpose, and as such commissioner did employ George W. Holman and James H. Bibler to defend said action; that they rendered valuable legal services therein during a period of more than four years, which were reasonably worth the sum of $1,000; that no part of the damages sustained by the relators by reason of said restraining order and temporary injunction have been paid, and that the same are now due. Demand for judgment in the sum of $3,000. Copies of the undertakings referred to in the complaint were made parts thereof as exhibits. Appellees filed an answer in two paragraphs, the first being a general denial, and the second a plea of payment. Appellant filed a reply in general denial to said second paragraph of answer. A trial was had by the court, and, on a special finding of facts made at the request of the parties, the court stated as a conclusion of law that relators take nothing by their complaint, and that they pay the costs. Appellant filed a motion for a new trial, which was overruled, and thereupon judgment was rendered in favor of appellees. Appellant is now prosecuting this appeal, and alleges in its assignment of errors that the court erred in overruling its motion for a new trial, and its conclusion of law on the special finding of facts.

The reasons alleged by appellant in its motion for a new trial, as ground therefor, are in effect that the decision of the court is not sustained by sufficient evidence and is contrary to law. Appellant in its brief bases its contention that the court erred in overruling its motion for a new trial solely on the ground that the court failed to find the amount allowed by the Pulaski Circuit Court to the attorneys

employed by the relator Davidson to defend said injunction suit, the amounts expended by the relators Davidson and Yoeman in the trial of said cause, and the amount due and owing the latter for constructing said ditch, although the undisputed evidence established such amounts. A determination of this question leads us to inquire whether the relators were proper parties to the injunction proceedings, and entitled to recover in an action on the bonds in suit.

We will first direct our inquiry to the relator Davidson. Said relator bases his right to defend in the injunction suit in question on the ground

1. that he was the commissioner charged with the construction of said ditch, and as such it was his duty to appear in said suit, and assist in protecting the fund provided for that purpose. The duties of said relator, as such commissioner, are fixed by the provisions of §6144 Burns 1914, Acts 1907 p. 508. This section provides, among other things, as follows: "He (the commissioner) shall collect the assessments not satisfied, as herein provided for, or such part thereof as may be by him deemed necessary for the purposes herein mentioned, and apply the same as herein provided, and for the purpose of making such collections, if not paid as above required, he shall make his certificate, showing the amount of such assessments against any tract or tracts of land, the default in its payment as required, and file the same with the auditor of the county where such lands are situated, and thereupon the auditor shall place the same on the delinquent tax duplicate, and the same shall be collected as other delinquent state and county taxes are collected." This provision clearly fixes the duty of said relator

with reference to the collection of the assessments in question. When he had made his certificate and filed it with the auditor of Fulton county, his duties with reference to such unpaid assessments were at an end, until they reached his hands through the process of collection provided by statute. By virtue of the foregoing provision the further duties with reference to the collection of such assessments devolved on the auditor and treasurer of said county as therein provided. But appellant contends in effect that, inasmuch as said relator was charged with the construction of the ditch in question, and was the custodian of the fund provided for the payment of such construction and certain incidental cost connected therewith, and that the action in which the bonds in suit were given was an attempt to deplete said fund, it was the duty of the relator to appear and defend the same. We cannot concur in this contention. The duties of said relator are purely statutory. The act providing for his appointment and fixing his duties as such commissioner does not give him general power to maintain actions with reference to the construction of work and collection of assessments therein provided, but only provides that he may maintain an action on any defaulting contractor's bond "to recover any increase cost, expense or damage of or to the work by reason of such failure of such contractor, and the amount recovered shall be and become a part of the funds in the hands of such superintendent for the construction of such work, the same as assessments." §6144 Burns 1914, *supra*. It has been held in effect that without this provision in the statute a commissioner, such as the relator in this case, would not have the right to maintain an action

on a defaulting contractor's bond, as he is not a trustee of an express trust within the meaning of §252 Burns 1914. *State, ex rel.* v. *Frantz* (1914), 181 Ind. 316, 103 N. E. 833. For the reasons stated, we conclude that the acts of said relator Davidson in becoming a party to and in defending said injunction suit were unauthorized, and hence he was neither a necessary nor a proper party to such proceedings.

This being true, any failure on the part of the court to find the amounts allowed and paid out by him, as such commissioner, for services of attorneys and expenses in defending said injunction proceedings, was harmless, as the conclusion of law stated would be correct as to said relator, even if said facts had been found. *Elliott* v. *Pontius* (1894), 136 Ind. 641, 35 N. E. 562, 36 N. E. 421.

Appellant contends that, inasmuch as the treasurer of Fulton county was charged with the collection of the unpaid assessment, neither of the other relators was a necessary or a proper party to the injunction proceedings in question, and hence are not entitled to recover in an action on the bonds in suit. It appears that the relators Spencer and Yoeman were contractor and subcontractor respectively, under the relator Davidson, for the final construction of said ditch. As such they would have an interest in the assessments made to pay for its construction, and hence would have an interest in their collection. Following the rule laid down in the case of *Sheets* v. *Hays* (1905), 36 Ind. App. 106, 75 N. E. 20, we hold that they were proper parties defendant in said injunction proceedings, and entitled to recover in this action, if proper facts have been

alleged and proved. The special finding of facts does not show that the relator Spencer sustained any damage by reason of said restraining orders, and appellant does not claim that there is any evidence to that effect.

It is claimed, however, that there is undisputed evidence that the relator Yoeman sustained damages in the sum of $38.50 on account of expenses 5. incurred in attending the trial of said injunction suit. But appellant cannot base error on the action of the court in failing to find such fact, as the complaint fails to allege that said relator incurred any such expense, or sustained any damage by reason of the trial of said cause. *Woodward* v. *Mitchell* (1895), 140 Ind. 406, 39 N. E. 437; *Citizens' Nat. Bank, etc.* v. *Judy* (1896), 146 Ind. 322, 43 N. E. 259.

Appellant also complains of the action of the court in failing to find the amount shown by the evidence to be due the relator Yoeman on his contract 6. for constructing said ditch, but this cannot be made the basis of reversible error, since the conclusion of law stated would still be correct if such fact had been found. For the reasons stated, we conclude the court did not err in overruling appellant's motion for a new trial.

The only remaining error assigned by the appellant is that the court erred in its conclusion of law on the facts found. The special finding of facts, in the main, follows the allegations of the complaint, except that there is no finding as to any expenses incurred or damages sustained by any of the relators, by reason of either of the restraining orders alleged, or the amount remaining due the relator Yoeman

for the construction of said ditch. Under this state of the findings the conclusion of law in favor of appellees is correct. We find no error in the record. Judgment affirmed.