## Baker *v.* Johnson.

[No. 11,407.    Filed March 27, 1923.]

1. Boundaries.—*Location.— Evidence.— Sufficiency.—* In an action to quiet title involving a disputed boundary wherein that claimed by defendant depended on the location of a bayou, referred to in the description in the deed under which he claimed, a finding sustaining defendant's claim *held* not sustained by the evidence in the absence of proof showing the location of the bayou.  p. 417.

2. Appeal.—*Review.—Harmless Error.—Erroneous Findings.—* Errors in findings of fact are not available to appellant unless it appears that they led to a conclusion of law adverse to him. p. 418.

3. Quieting Title.—*Ownership of Land.—Burden of Proof.—*In an action to quiet title as against a claim based upon adverse possession, plaintiff *held* to have the burden of establishing that he was in fact the owner of the land involved.  p. 418.

4. Boundaries.— *Parol Agreements.— Validity.— Consideration.* —A parol agreement by adjoining owners as to the location of the boundary line between their respective tracts not based upon any consideration is not binding unless possession is

taken by the parties in pursuance thereof and continued adversely for a period of twenty years, or the agreement is acted upon by making improvements or expending money on the faith thereof, or unless such other circumstances have transpired as would render it inequitable for either party to refuse to abide thereby. p. 420.

5. APPEAL.—Review.—Harmless Error.—Erroneous Conclusion of Law.—An erroneous conclusion of law will be deemed harmless if the judgment is not founded thereon. p. 420.

6. TRIAL.—Conclusions of Law.—Correctness.—Findings.—In determining whether conclusions of law have been correctly stated the court on appeal is limited to the facts found, regardless of the sufficiency of the evidence to sustain them. p. 421.

From Orange Circuit Court; James L. Tucker, Judge.

Action by John Baker against Everett Johnson. From a judgment for defendant, the plaintiff appeals. Affirmed.

Hottel & Patrick and Will H. Talbott, for appellant.
Elliott & Houston and Arthur McCart, for appellee.

BATMAN, J.—On December 16, 1865, Joel Speer was the owner of the southeast quarter of section 4, township 2 north, range 1 east in Orange county, Indiana. On that date he conveyed the following described portion thereof to William Montgomery:

"Commencing at the northwest corner of said quarter, running thence east with the line to the center of Lost River, thence south with the center of the river about twenty poles more or less, to a point opposite the center of a bayou, thence a westerly direction with the center of said bayou following the meanderings thereof to the westerly line of said quarter and thence north with the line to the place of beginning, containing ten acres, more or less."

Afterwards, on November 7, 1871, the said Speer conveyed the following described portion thereof to William G. Baker: Eighty acres off the west side of said southeast quarter, "except three (3) acres therefrom deeded

to Benjamin F. Marshall and recorded in Record No. 26 and also excepting ten (10) acres therefrom deeded to William Montgomery, and recorded in deed Book No. 24.    Said tract of land contains sixty-seven (67) acres, more or less."

ppellant, the immediate grantee of said William G. Baker, commenced this action in November, 1920, by filing his complaint against appellee to quiet his title to the following described portion of said quarter section: "Beginning on the half section line of said quarter section, 45 rods east of the center thereof, running "thence east to the east line of said section; thence south with said east line 160 rods to the southeast corner of said section; thence west 160 rods, to the southwest corner of the southeast quarter of said section; thence north along the half section line to a point 48 rods south of the center of said section; thence northeasterly to the place of beginning."

Appellee, a remote grantee of said William Montgomery, filed his cross-complaint against appellant to quiet his title to the following described portion of said quarter section:    Beginning in the center of said section and "running thence east forty-five (45) rods, more or less, to the center of Lost River, thence down the center of said river with the meanderings thereof to the middle north and south section line of said section, and to a point forty-eight (48) rods south of the center of said section, thence north on said line to the middle of said section, and to the place of beginning."

The cause was put at issue on both the complaint and cross-complaint by answers in general denial.    The evidence shows that the land in dispute consists of a comparatively narrow strip, lying north and west of the center of Lost river, which forms part of the boundary of the land described in the cross-complaint, and a diagonal line on the bank of said river, which forms part

of the boundary of the land described in the complaint. On the trial, the court, by request, made a special finding of facts and stated its conclusions of law thereon. Appellant excepted to each conclusion of law, and filed a motion for a new trial, which being overruled, this appeal followed.

The facts found by the court, briefly stated, are in substance as follows: (1) That appellee holds the title to the following described real estate by successive conveyances from William Montgomery, to whom the same was conveyed by Joel Speer and wife on December 16, 1865, to wit: "Part of the southeast quarter of section four (4), township two (2) north, range one (1) east, in Orange County, in the State of Indiana, bounded as follows: to-wit: Beginning at the northwest corner of said quarter section and running thence east to the center of Lost River, thence down the middle of said river to the west line of said quarter, thence north along said line to the place of beginning, containing ten (10) acres, more or less." (2) That at the time said Montgomery received his conveyance for said real estate, he entered into the possession thereof, up to the center of Lost river, under a claim of right and title, which was open, notorious and adverse, and so remained continuously for a period of more than twenty years; and that for a like period before the filing of appellant's complaint herein, the possession of all of said real estate had been held continuously by appellee and his grantors, immediate and remote, in the same manner, and under a like claim. (3) That appellant holds the title to the following described real estate in Orange county, Indiana, by conveyance from William G. Baker, to whom the same was conveyed by Joel Speer and wife on November 7, 1871, to wit: "Eighty (80) acres off of the west side of the southeast quarter of section four (4), township two (2) north, range one (1) east, except

three (3) acres heretofore deeded to Benjamin F. Marshall and recorded in deed record 26; and also except ten (10) acres heretofore deeded to William Montgomery recorded in deed record 23. Said tract of land containing sixty-seven (67) acres, more or less."

On the foregoing facts the court stated the following conclusions of law: "(1) That the law is with the defendant and against the plaintiff on the plaintiff's complaint herein, and that the plaintiff take nothing by reason of his complaint herein; (2) that the law is with the defendant and against the plaintiff on the defendant's cross-complaint herein." On these conclusions of law the court adjudged, that appellant take nothing by reason of his complaint, and that appellee recover his costs. It was also adjudged, "that the law is with the defendant and against the plaintiff on defendant's cross-complaint herein."

Appellant contends that there is no evidence to sustain the finding, that the deed from Speer and wife to Montgomery conveyed the real estate, north and

1. west of Lost river, up to the center thereof, along its entire length in said quarter section. In support of this contention he cites the description contained in said deed, being the first description by metes and bounds set out in this opinion. It will be observed that the course in that description, from the east and west half-section line, only follows the center of said river for a distance of twenty rods, more or less, to a point opposite the center of a bayou, and then follows the center of said bayou, with its meanderings, to the west line of said quarter section. Appellant insists that there is no evidence as to the location of said bayou, and appellee has failed to show the contrary. We will assume, therefore, that this is true. Without such evidence the court had no means of knowing whether the

bayou in question, which we only know ran in a westerly direction, was located where the river now runs, or north or south of its present location. We therefore conclude that appellant's contention is well taken.

Appellant also contends that there is no evidence to sustain the finding that said Montgomery, or any of his grantees, immediate or remote, ever entered into the possession of the whole of the strip of land in controversy, or performed any acts with reference thereto, indicative of the ownership of all thereof. Since the evidence does not disclose that the deed from Speer to Montgomery covered any portion of the land in controversy, lying to the north and west of the center of the river beyond the point opposite the bayou, which is given as twenty rods, more or less, from the east and west half section line, it cannot be said that the actual possession of the main portion of the land conveyed by said deed was constructive possession of such portion of said strip. Hence, there must be evidence of actual possession thereof, in order to sustain such finding. The evidence shows that said Montgomery and his grantees, immediate and remote, constructed and maintained water gaps or "shoots," from the fence on the north and west bank of said river down into the same, for the purpose of enabling their stock to obtain water, but we have been unable to find any evidence that any such gap or "shoot" was located on the strip in question north or west of said twenty rod point in the center of the river opposite the bayou. Nor have we been able to find any other evidence of such possession by said Montgomery or his said grantees. We must therefore sustain appellant's last named contention.

These errors in the special finding of facts, however, are not available to appellant, unless it appears
2, 3. that they led to a statement of a conclusion of law adverse to him, as otherwise such errors would

be harmless. 4 C. J. 1056; *Bankers Surety Co.* v. *German Investment, etc., Co.* (1920), 189 Ind. 311, 126 N. E. 6; *State, ex rel.* v. *Allen* (1919), 71 Ind. App. 160, 124 N. E. 684; *Elliott* v. *Pontius* (1894), 136 Ind. 641, 35 N. E. 562, 36 N. E. 421; *The Patrons Mutual Aid Society* v. *Hall* (1898), 19 Ind. App. 118, 49 N. E. 279; *Montpelier Light, etc., Co.* v. *Stephenson* (1899), 22 Ind. App. 175, 53 N. E. 444. It will be observed that the first conclusion of law is adverse to appellant. However, its correctness does not depend upon the facts erroneously found, but upon the absence of a finding that he is the owner of the land in controversy. *Tolleston Club, etc.* v. *Carson* (1919), 188 Ind. 642, 123 N. E. 169. This is true, because he had the burden of establishing that fact, in order to prevail on the issues tendered by his complaint, and the absence of a finding in his favor in that regard is equivalent to a finding that such fact does not exist. *National Surety Co.* v. *State* (1913), 181 Ind. 54, 103 N. E. 105; *Deemer* v. *Knight* (1914), 55 Ind. App. 397, 103 N. E. 868. This leads us to conclude that unless appellant's contention, that the undisputed evidence shows that he is the owner of the land in controversy, can be sustained, it cannot be said that any fact, erroneously found, led to the statement of said first conclusion of law. Appellant's contention in this regard is based chiefly upon an alleged parol agreement between himself and said William Montgomery, following a survey made in 1902, by which the diagonal line, forming a part of the boundary of the land described in his complaint, became the division line between their respective tracts. Whether or not such an agreement was made, is a question of fact, which the court evidently decided adverse to appellant on evidence of such a character as to be binding on this court.

But, if it be conceded that such an agreement was made, it does not appear to have been based upon a con-

sideration, and hence would not be binding, unless possession was taken by the parties in pursuance thereof, and continued adversely for a period of twenty years, or was acted upon by making improvements or the expenditure of money, on the faith thereof; or such other circumstances have transpired, as would render it inequitable for either party to refuse to abide thereby. *Meyers* v. *Johnson* (1860), 15 Ind. 261; *Wingler* v. *Simpson* (1884), 93 Ind. 201; *Fuelling* v. *Fuesse* (1909), 43 Ind. App. 441, 87 N. E. 700. We find no evidence of any facts or circumstances which can be said to show conclusively that the parties to the alleged agreement, if it were made, or those who may have succeeded to their respective interests in said real estate, might not rightfully refuse to be bound thereby, under the rule stated above. Nor do we find any evidence which shows conclusively, that appellant has any right to the land in dispute by reason of adverse possession. It follows that appellant's contention under consideration cannot be sustained. For the reasons stated we conclude that the first conclusion of law is not the result of any erroneous finding of facts.

Directing our attention to the second conclusion of law we observe, that it is evidently based on the facts found by the court, which we have held are not sustained by the evidence. However, it does not necessarily follow that the court committed reversible error in overruling appellant's motion for a new trial. It has been held that an erroneous conclusion of law will be deemed harmless, if the judgment is not founded thereon. *Coburn* v. *Sands* (1897), 150 Ind. 141, 48 N. E. 786; *Neil* v. *Turner* (1919), 77 Ind. App. 78, 125 N. E. 228; see, also, *Nation* v. *Green, Exr.* (1917), (Ind. App.) 114 N. E. 895, subsequently transferred to the Supreme Court for want of jurisdiction. For the same reason, the finding of erroneous facts will

be harmless error, if the conclusions of law based thereon are not made the basis of any portion of the judgment. It will be observed that no effective judgment was rendered on said second conclusion of law, as merely embodying such a conclusion of law in a judgment, does not operate to give relief. For the reasons stated we conclude that the court did not err in overruling appellant's motion for a new trial.

The only other error assigned by appellant is based on the action of the court in stating each of its conclusions of law on the facts found. After a careful consideration of such facts, we concur with the statement made by appellant in the introduction of his propositions or points, viz.: "Assuming that the facts are correctly found, there is, of course, no error in the conclusions of law." In view of this admission, we do not deem it necessary to do more than call attention to the settled rule, that in determining whether conclusions of law have been correctly stated, we are limited to the facts found, regardless of the sufficiency of the evidence to sustain the same. *Hatfield* v. *Rooker* (1914), 56 Ind. App. 1, 104 N. E. 798; *Standard Live Stock Ins. Co.* v. *Atkinson* (1916), 185 Ind. 34, 111 N. E. 913; *McCleery* v. *Zintsmaster* (1916), 187 Ind. 37, 114 N. E. 625. Failing to find any reversible error in the record, the judgment is affirmed.